## In the Matter of the Probate of the Paper Propounded as the Last Will and Testament of Mary E. Hedges, Deceased.

Surrogate's Court, Suffolk County, March 25, 1930.

*Harry G. Stephens*, for the petitioner.

*George C. Terry*, special guardian.

Pelletreau, S. Mary E. Hedges died October 14, 1929. There is presented for probate as her will a paper dated December 21, 1918, propounded as her last will. The witnesses thereto were Harry G. Stephens and Adaline M. Sherrill. Mr. Stephens was attorney for the decedent, and Miss Sherrill was stenographer and clerk in the office of Mr. Stephens.

It appears from the testimony of both said witnesses that the testatrix subsequently executed another will and duly published the same in the presence of the same witnesses. Their testimony also clearly shows that, at the time of making the said subsequent will, the decedent intended to revoke the will in question, and said subsequent will contained a clause revoking all previous wills. The said subsequent will was lost or destroyed; at any rate it has not been found. It likewise clearly appears that, if lost or destroyed by the decedent, the said paper executed as a will December 21, 1918, was never republished or redeclared by the decedent. I am clearly of the opinion that the witnesses were qualified, and that their testimony was legally competent.

Section 41 of the Decedent Estate Law clearly requires that to revive the will in question it should have been duly republished by the decedent. This was not done.

The said paper presented for probate as the will of the decedent, dated December 21, 1918, is, therefore, invalid, and the said decedent died intestate.